IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ALBERT LAMONT JACOBS,** | ) | |
| | ) | **Case No. 7:20cv00770** |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HAROLD W. CLARKE,** | ) | By:   **Hon. Thomas T. Cullen** |
| | ) | **United States District Judge** |
| Respondent. | ) | |

Albert Lamont Jacobs ("Jacobs" or "Petitioner"), a Virginia inmate proceeding *pro se,* filed a pleading that the court construes as a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the constitutionality of the Virginia Code sections under which he was convicted in 2006.[1] The respondent filed a motion to dismiss Jacobs's petition.[2] By notice dated January 28, 2021, Jacobs was given 21 days to respond to the motion, but he has failed to do so. The matter is now ripe for disposition. Because Jacobs's pleading was filed several years past the statute of limitations without sufficient justification, the court must dismiss his petition as untimely.

---

[1] Petitioner's handwritten pleading was not on the form required by Rule 2(d) of the Rules Governing § 2254 Cases, and did he include any information on the factual or procedural history of his case. All dates and procedural history have been obtained from respondent's brief in support of motion to dismiss and verified by the court through the Virginia Courts Case Information System.

[2] Under Rule 2(a) of the Rules Governing Section 2254 Cases, if the petitioner is in custody pursuant to a state court judgment, the respondent in a habeas petition is to be the state officer who has custody. That officer is Howard Clarke, Director of the Virginia Department of Corrections. Howard Clarke will be named as the respondent and the clerk will update the docket accordingly.

## I. Procedural History

In October 2005, Jacobs was arrested for second-degree murder (in violation of Virginia Code § 18.2-32) and use of a firearm in the commission of a felony (in violation of Code § 18.2-53.1). On September 1, 2006, Jacobs pleaded guilty to the charges, and the trial court sentenced him to 40 years (20 years suspended) on the murder charge and three years on the firearms charge, to run consecutively, for a total active sentence of 23 years. Jacobs did not appeal his conviction or sentence, and he did not file a state habeas petition.

Jacobs first filed a handwritten petition pursuant to § 2254 on July 19, 2010, which this court conditionally filed. In that petition, Jacobs alleged due process violations and ineffective assistance of counsel based on his trial counsel's alleged recommendation that he plead guilty. The court ordered Jacobs to respond to arguments regarding timeliness and exhaustion within 15 days, but Jacobs never filed a response. Accordingly, on August 26, 2010, the court dismissed that petition without prejudice. *Jacobs v. Commonwealth of Virginia*, No. 7:10cv00324 (W.D. Va. Aug. 26, 2010) (Kiser, J.).

On January 22, 2014, Jacobs filed another § 2254 petition alleging ineffective assistance of counsel in advising him to plead guilty and prosecutorial misconduct in (1) knowingly presenting false testimony to the magistrate, the preliminary hearing judge, and the grand jury and (2) failing to disclose that another suspect had confessed to the crime. In that petition, Jacobs also alleged factual innocence. The court summarily dismissed that petition without prejudice under Rule 4 of the Rules Governing § 2254 Cases, because the face of the petition noted that none of the claims had ever been presented to the highest state court. *See Jacobs v. Red Onion State Prison*, No. 7:14cv00033 (W.D. Va. Jan. 23, 2014) (Kiser, J.).

On or about December 20, 2020, Jacobs filed the current action, alleging that Virginia Code §§ 18.2-32 and 18.2-53.1 are not validly enacted laws and that his conviction under those statutes is therefore unconstitutional. In support of his argument that the statutes are unconstitutional, Jacobs contends that there is no enacting clause for either statute in the Virginia Code and that the heading lists more than one subject.[3]

## II. <u>Analysis of Timeliness</u>

Under the Antiterrorism and Effective Death Penalty Act, a federal court may grant a petitioner habeas relief from a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A one-year statute of limitations applies to such habeas challenges. The relevant statute states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3] Were this matter being heard on the merits, Jacobs would need to know that the official laws (copies of which are printed in the Virginia Code) do have enacting clauses. As in effect at the time of Jacobs' plea, the murder statute was amended and reenacted in 1998 Virginia Laws Ch. 281, and the use of a firearm in commission of murder was amended and reenacted in 2004 Virginia Laws Ch. 461.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2254.

Starting with subsection (A), the one-year statute of limitations normally runs from the date the state judgment became final or when the time for filing an appeal expires. Jacobs did not appeal his September 1, 2006 conviction and sentence, and the 30 days for filing the appeal expired October 2, 2006 (because October 1, 2006, was a Sunday). Accordingly, his one-year time limit for filing expired on October 2, 2007. The petition filed December 20, 2020, was more than 13 years late.

Jacobs has not alleged any impediment to filing a petition, a newly recognized constitutional right, nor the discovery of facts (not law) that he could not have discovered earlier. He has not alleged extraordinary circumstances or any basis for equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 636 (2010). He has been given ample opportunity to address the timeliness issue and has not done so, leaving the court no choice but to conclude that his petition is untimely as a matter of law.

### III. Conclusion

For the reasons discussed above, the court will grant respondent's motion and dismiss Jacobs's petition as untimely.

Further, when issuing a final order adverse to a § 2254 petitioner, the court must issue or deny a certificate of appealability. Fed. R. Gov. § 2254 Cases 11(a). A certificate of

appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). In the context of a procedural ruling, the movant must demonstrate both that the dispositive procedural ruling is debatable and that the action states a debatable claim of the denial of a constitutional right. *Gonzales v. Thaler*, 565 U.S. 134, 140–41 (2012). Jacobs has not made such showings in this case, so a certificate of appealability will be denied.

The clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and all counsel of record.

**ENTERED** this 22nd day of October, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE